UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN CIPRIANI<br>13101 Hampton Club Drive, Apt. 101<br>North Royalton, Ohio 44133<br><br>on behalf of himself and all others<br>similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>CLEVELAND UNLIMITED, INC.<br>c/o Ct Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>    and<br><br>REVOL WIRELESS<br>c/o Ct Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Kevin Cipriani, by and through counsel, and for a Complaint against Defendants Cleveland Unlimited, Inc. and Revol Wireless, states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of not paying their hourly, non-exempt employees, including Plaintiff, for short rest periods, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

4. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Cuyahoga County, Ohio.

5. At all times relevant herein, Plaintiff was employed by Defendants as an hourly, non-exempt employee and was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendant Cleveland Unlimited, Inc. maintained its principal place of business in Independence, Ohio, and conducted business in many cities in Ohio.

7. At times relevant herein, Defendant Revol Wireless maintained its principal place of business in Independence, Ohio, and conducted business in many cities in Ohio.

8. At all times relevant herein, Defendants were an employer within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of

labor relations, and common ownership and financial control.

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS
### Failure to Pay for Short Rest Periods

14. Cleveland Unlimited Inc. owns and operates Revol Wireless, which is a mobile phone company.

15. Plaintiff and other similarly-situated employees were employed by Defendants as hourly, non-exempt employees, including but not limited to support technicians and customer care representatives.

16. Plaintiff and other similarly-situated employees were required to take short rest periods of approximately 15 minutes each day.

17. The FLSA defines a compensable short rest period as one that is 5 to 20 minutes in duration.  29 CFR § 785.18.

18. Defendants, however, failed to pay Plaintiff and other similarly-situated employees for their short rest periods.

19. As a result of Plaintiff and other similarly-situated employees not being paid for short rest periods, Plaintiff and other similarly-situated employees were denied significant amounts of overtime compensation.

### Willfulness

20. Defendants knowingly and willfully failed to pay Plaintiff and other similarly-situated employees for their short rest periods.

21. On multiple occasions, Plaintiff told Defendants that the FLSA requires them to pay Plaintiff and other similarly-situated employees for their short rest periods.

22. Defendants, however, continued to refuse to pay Plaintiff and other similarly-situated employees for their short rest periods.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

24. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current hourly, non-exempt employees of Cleveland Unlimited, Inc. and Revol Wireless, who at any time between November 12, 2005 and the present, were not paid for short rest periods.

25. Plaintiff is unable to state at this time the exact size of the potential hourly class, but upon information and belief, avers that it consists of no less than one hundred persons.

26. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

27. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of

4

this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Defendants' practice and policy of not paying Plaintiff and similarly-situated employees for short rest periods violated the FLSA, 29 CFR § 785.18.

30. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

31. By engaging in the above-mentioned practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

32. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court find Defendants jointly and severally liable, and:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Grant Plaintiff and the class he represents a permanent injunction enjoining

Defendants, their agents, successors, employees, and other representatives from engaging in or continuing to engage in any employment acts, policies, practices, or procedures that violate the FLSA;

      D.      Award Plaintiff and the class he represents actual damages for unpaid wages;

      E.      Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

      F.      Award Plaintiff and the class he represent pre- and post-judgment interest at the statutory rate;

      G.      Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

      H.      Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

                                    Respectfully submitted,

                                    /s/ Anthony J. Lazzaro
                                  Anthony J. Lazzaro (0077962)
                                  The Lazzaro Law Firm, LLC
                                  920 Rockefeller Building
                                  614 W. Superior Avenue
                                  Cleveland, Ohio 44113
                                  Phone: 216-696-5000
                                  Facsimile: 216-696-7005
                                  anthony@lazzarolawfirm.com
                                  Attorney for Plaintiff

## **JURY DEMAND**

      Plaintiff demands a trial by jury on all eligible claims and issues.

                                    /s/ Anthony J. Lazzaro
                                  Attorney for Plaintiff